David Carroll, Adm'r.
vs.
Phenix Indemnity Company } Law No. 74344

May 22, 1928

TANNER, P. J. This is an action at law brought under the provisions of Sec. 7 of Chapter 258 of the General Laws of 1923, which authorize the bringing of an action against an insurance company after a return of non est inventus has been made upon a writ brought against the person originally liable for an accident in an action for negligence.

After a demurrer by the insurance company to the action brought against it, the defendant has filed a plea setting up that, in the original suit in which the return of non est inventus was made, the plaintiff was a non-resident and so described in the writ, and that the defendant, although described in the writ as a resident of Providence County, was in fact a resident of Newport County and was not found for service of the writ in Providence County.

Whether this plea is in form a plea in bar or a plea in abatement, we think it is in effect a plea in abatement and as such has been waived by the filing of a demurrer to the action against the insurance company. While there is authority to the effect that such a plea is a plea to the jurisdiction of the subject matter rather than to a person, our examination of authorities leads us to believe that the weight of authority and the better rule is that it is a plea to the jurisdiction which can be waived.

"According to the better rule supported by the weight of authorities, the bringing of an action in an improper county or district is not a jurisdictional defect where the Court has general jurisdiction of the subject matter, in that the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived."

40 Cyc. p. 111 b.

See also 1st Corpus Juris, p. 38, Note 37.

"It is a mistake to suppose that the Superior Court has no jurisdic-

tion in this action, although it was subject to abatement by reason of being brought in a county where the plaintiff did not reside, and where the defendant town was not situated. It was a civil action in which the sum demanded was within the limit prescribed by law for the exclusive cognizance of that court. It had, therefore, jurisdiction of the parties and the subject matter. Courts of the general jurisdiction will hold pleas of all transitory actions if there is no plea to the jurisdiction, more especially where there is nothing on the face of the writ to show any want of jurisdiction. The provisions of law regulating the bringing of actions in certain counties were intended for the benefit of defendants, in order to prevent inconvenience and vexation to them by being obliged to answer to actions in remote counties at the pleasure of the party bringing the suit. But it is only a matter of abatement to the writ and does not go to the general jurisdiction of the court. It was, therefore, competent for the defendants to waive the objection and to answer to the merits of the case. This they had done by omitting to plead the matter in abatement of the writ seasonably, and by filing an answer to the action."

*Hastings* vs. *Inhabitants of Bolton*, 1 Allen p. 529.

Motion to strike out the plea is therefore granted.

For plaintiff: Greene, Kennedy & Greene.

For defendant: Henshaw, Lindemuth & Baker.